**Walter R. JOYNER, Jr., Petitioner,**

v.

**UNITED STATES POSTAL SERVICE,
Respondent.**

No. 02–3133.

United States Court of Appeals,
Federal Circuit.

DECIDED: Oct. 8, 2002.

Before CLEVENGER, RADER and LINN, Circuit Judges.

PER CURIAM.

Walter R. Joyner, Jr., seeks review of the final decision of the Merit Systems Protection Board ("Board") dismissing his appeal for lack of jurisdiction. *Joyner v. United States Postal Serv.*, No. DE0752000244–I–1, 90 M.S.P.R. 453 (Nov. 28, 2001). We *affirm*.

I

The Board's decision left undisturbed an agreement between Mr. Joyner and his employer, the United States Postal Service ("agency"), pursuant to which Mr. Joyner accepted and served a 120–day suspension for having falsely accused other employees of improper conduct. Although as an initial matter the Board is vested with jurisdiction to hear Mr. Joyner's appeal from the 120–day suspension, in this case that suspension was meted out in a written settlement agreement, signed by Mr. Joyner, the undisputed terms of which required Mr. Joyner to waive his right to seek Board review of the 120–day suspension. Thus, the Board's jurisdiction to hear the appeal was divested by Mr. Joyner's agreement to the settlement, which the agency offered to Mr. Joyner in lieu of its initiation of removal proceedings based on the false accusations Mr. Joyner made against other employees.

 Settlement agreements, even those that waive the right to appeal to the Board, are enforced unless it can be shown that the agreement is the product of duress or coercion imposed on the employee

by the agency. See *Tiburzi v. Dep't of Justice,* 269 F.3d 1346, 1355 (Fed.Cir. 2001).

The Chief Administrative Judge conducted a hearing, in order to determine whether Mr. Joyner should be held to his agreement to waive his right to challenge his 120–day suspension. The object of the hearing was to determine if the agency had engaged in bad faith, or had subjected Mr. Joyner to duress or coercion in arriving at the settlement agreement, or had otherwise acted improperly so as to undermine the enforceability of the settlement agreement.

Considering all the evidence, the Chief Administrative Judge found that Mr. Joyner had sent letters to the agency and others in which he made false charges of wrongdoing by named individuals who worked in the agency. As a result of those letters, the agency notified Mr. Joyner that it would initiate removal proceedings against him unless he accepted a settlement that called for a 120–day suspension and for Mr. Joyner to send letters of apology to those against whom he had made charges of misconduct. Mr. Joyner agreed to the terms of the settlement, including the sending of the letters of apology. The Chief Administrative Judge found that the agency had not acted in bad faith, and that neither duress nor coercion had been applied to Mr. Joyner to solicit his acceptance of the terms of the settlement. Concluding that the settlement agreement had been signed voluntarily by Mr. Joyner, and that the circumstances relating to the settlement agreement were not improper, the Chief Administrative Judge held Mr. Joyner to the terms of this settlement, which required that the appeal be dismissed because the Board's jurisdiction had been waived by Mr. Joyner.

The full Board rejected Mr. Joyner's appeal to it on November 28, 2001, and his petition for review in this court followed.

## II

We may only disturb a final decision of the Board if we conclude that it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. When the Board's final decision rests on fact-findings supported by substantial evidence, we must accept those found facts as true. 5 U.S.C. § 7703(c) (2000).

The Board carefully reviewed the facts leading up to Mr. Joyner's 120–day suspension. It concluded, based on substantial evidence, that Mr. Joyner had made false accusations about misconduct by other employees, and that he had conceded the falsity of those accusations in the letters of apology that he sent to the accused employees. It rejected his argument that his representative had a conflict of interest, which tainted the legality of the settlement agreement proceedings. It rejected his argument that he should not be bound by the agreement because he signed it simply as "Walter Joyner" instead of as "Walter R. Joyner, Jr.," noting that Mr. Joyner often signed his name simply as "Walter Joyner." Finally, the Board rejected Mr. Joyner's arguments that his agreement to settle was the product of agency bad faith or coercion or duress imposed upon him. Under the law, the fact that an employee is faced with the unpleasant choice of removal proceedings or signing a settlement agreement does not amount to duress or coercion. See *McCall v. United States Postal Serv.,* 839 F.2d 664, 667 (Fed.Cir.1988).

The Board thus concluded that Mr. Joyner had freely entered into the terms of the settlement agreement, and that his challenges to its propriety were unfounded.

We have reviewed the record and conclude that the Board's decision is correct. Mr. Joyner has failed to show that the settlement agreement is infected with any error that prevents its enforcement. His invocation of the Whistleblower Protection Act is unavailing, as he has admitted that his disclosures of misconduct were untrue. His references to the Veterans Rights Act and the Civil Rights Act are without any context or argument as to relevance, and thus cannot serve to identify error in the Board's final decision.

Because the Board's final decision rests on correct law and on application of that law to facts for which substantial evidence exists in the record, we must affirm.